IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ERIC M. NEGRIN, | : |
| Plaintiff, | : |
| V. | : NO. 5:21-cv-00395-MTT-CHW |
| JUDGE HOLDER, *et al.*, | : |
| Defendants. | : |

# ORDER

Plaintiff Eric M. Negrin, a pretrial detainee in the Wilkinson County Jail in Irwinton, Georgia, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has also moved for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. As discussed below, Plaintiff's motion to proceed *in forma pauperis* is now **GRANTED**. Thus, Plaintiff's complaint is ripe for preliminary review. On preliminary review of Plaintiff's complaint, it is now **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for the reasons set forth below.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of

his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**. Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service. For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

I.      Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's

account exceeds $10.00.  The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

    I.    <u>Standard of Review</u>

Because the Court has granted Plaintiff leave to proceed *in forma pauperis*, his complaint is subject to a preliminary review.  *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).  When performing this review, the court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys,"

and thus, the Court "liberally construe[s]" *pro se* claims.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

In his complaint, Plaintiff asserts that the defendants, Judge Holder, Judge Holliway, and Assistant District Attorney Brent Cochran have violated his due process rights by failing to give him a preliminary hearing for the four months that he has been held in custody on a probation violation. Compl. 5, ECF No. 1. Plaintiff believes that he would have been released had he had such a hearing because he could have presented evidence that the prosecuting officer lied in three warrant affidavits. *Id.* Plaintiff also asserts that he has requested a public defender, but one has not yet been assigned to him. *Id.* As relief, Plaintiff asks the Court to direct federal authorities to investigate and supervise the judges, public defendants, district attorneys, and Sheriff's Department employees in Wilkinson County. *Id.* at 6. He also asks for monetary damages. *Id.*

III. Plaintiff's Claims

To the extent that Plaintiff seeks monetary damages against these defendants, they are immune from this relief. In particular, Judge Holder and Judge Holliway are entitled to judicial immunity from monetary liability for judicial acts, "even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly."

5

*Stump v. Sparkman*, 435 U.S. 349, 356 (1978).   As to Assistant District Attorney Cochran, prosecutors are absolutely immune from liability under § 1983 when engaged in prosecutorial functions, *i.e.*, those acts that are "intimately associated with the judicial phase of the criminal process."   *Imbler v. Pachtman*, 424 U.S. 409, 427-28, 430 (1976).

To the extent that Plaintiff seeks declaratory or injunctive relief, with regard to the judges, only declaratory relief may be available because § 1983 provides that, in an action against a judicial officer, "injunctive relief may not be granted unless a declaratory decree was violated or declaratory relief was unavailable."   *See also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (recognizing that § 1983 limits the relief available against judges to declaratory relief).   As to Cochran, prosecutorial immunity protects against monetary damages but not against declaratory or injunctive relief.[1]   *See id.*

To obtain declaratory or injunctive relief, a plaintiff "must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."   *Id.*   Here, Plaintiff has an adequate remedy at law insofar as he may challenge the failure to provide him with a preliminary hearing or a public defender in the context of his state court case or he may seek a petition for a writ of mandamus in state court if the officials are failing to perform a

---

[1] Plaintiff's requested relief of a federal investigation and federal supervision of the defendants and other officials would not be appropriate relief in relation to Plaintiff's claims.   Nevertheless, his complaint could be broadly construed as seeking an order that he is entitled to a preliminary hearing in this case or requiring that a public defender be appointed.   Thus, the availability of declaratory or injunctive relief is addressed herein.

required function. *See Wells v. Miller*, 652 F. App'x 874, 875 (11th Cir. 2016) (per curiam) ("Appealing a judge's ruling or seeking the extraordinary writ of mandamus both constitute adequate remedies at law."). Accordingly, Plaintiff is not entitled to injunctive or declaratory relief against any of the defendants, and it is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in its entirety.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within **FOURTEEN (14) DAYS** of his being served with a copy of this Order. Plaintiff may seek an extension of time in which to file written objections or amendments, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 22nd day of December, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge